```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KATHLEEN HALL-DITCHFIELD       :    CIVIL ACTION
                               :
          v.                   :
                               :
UNITED STATES OF AMERICA       :    NO. 07-1290
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    June 10, 2008

        The plaintiff has brought suit to recover tax refunds that she alleges the Internal Revenue Service ("IRS") wrongfully withheld for three tax years. The defendant filed a motion to dismiss for lack of subject matter jurisdiction. The plaintiff then filed a motion for summary judgment, which the Court will treat as her opposition to the motion to dismiss. The defendant filed no further response.

        The Court will grant the defendant's motion in part and deny it without prejudice in part. The Court will deny the plaintiff's motion, in part with prejudice and in part without prejudice. The Court finds that it lacks subject matter jurisdiction over the refund claims for the first two tax years for which the plaintiff seeks refunds because those claims are time-barred. In contrast, the Court does not currently have enough information to rule on whether it has subject matter jurisdiction as to the last tax year for which the plaintiff claims a refund. The Court therefore orders the parties to

appear at a conference in court and produce the evidence necessary to determine whether or not the plaintiff's claim as to the last tax year is time-barred.

I.   Facts

The complaint contains relatively little factual background, but the plaintiff's motion for summary judgment fills in many of the details.  Because the plaintiff is pro se, the Court will construe her pleadings liberally.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  For the purpose of context, the Court will draw facts from the plaintiff's motion for summary judgment.

The plaintiff, Kathleen Hall-Ditchfield ("Hall-Ditchfield"), filed a complaint on May 1, 2007, alleging that the United States had wrongfully withheld tax refunds for the tax years of 1999, 2000, and 2001.  The refunds are in the amount of $1,757.00 for 1999, $2,250.11 for 2000, and $1,578.00 for 2001.  In those tax years, Hall-Ditchfield filed joint tax returns with her then-husband, Mark Ditchfield ("Ditchfield").  The couple separated in 2004.  Hall-Ditchfield was the only spouse who earned taxable income during those years.  Compl., Ex. C; Pl. Mot. at 2-3.

The IRS withheld the refunds that would otherwise have been due to the couple and applied those funds to back federal

taxes that Ditchfield, but not Hall-Ditchfield, owed for the tax years of 1987 and 1989.  The IRS provided notices for each tax year stating that it was applying the refund for that year to Ditchfield's back tax debt.  Those notices are dated September 4, 2000, for the 1999 tax year ("the 1999 notice"); June 18, 2001, for the 2000 tax year ("the 2000 notice"); and May 6, 2002, for the 2001 tax year ("the 2001 notice").  Compl., Ex. C; Pl. Mot. at 2-3.

      Hall-Ditchfield alleges that she is an injured spouse entitled to a return of those refunds because she was not responsible for any of the previous tax debt to which the IRS applied the refunds, and she earned all of the marital income in 1999, 2000, and 2001.  She attaches to her motion for summary judgment extensive correspondence with the IRS in which she attempted to recover these refunds.  She eventually filed three copies of IRS Form 8379, Injured Spouse Claim and Allocation, one for each tax year, requesting the return of her overpaid tax.  The plaintiff alleges that she sent the forms on April 23, 2005, and the forms bear that date.  Pl. Mot. at 2; id., Ex., Docket No. 14-2 at 10-15.[1]  The IRS, however, stated in a notice dated July 14, 2005, that the plaintiff had failed to file the forms within the three-year statute of limitations period.  It

---

[1]    Because the exhibits to the plaintiff's summary judgment motion are not labeled, the Court will refer to the page numbers in the docket entries for ease of reference.

therefore denied her claims as to those tax years.  Pl. Mot., Ex., Docket No. 14-2 at 16.

The plaintiff alleges that she met the guidelines for filing a claim with the IRS and that the form did not note the statutory deadline.  She states that she was repeatedly told to drop her claim and was not informed of the option of filing Form 8379.  Pl. Mot. at 2-3.  In addition, she states, "[w]hile Plaintiff challenges IRS disallowance for all tax years, 1999, 2000, and 2001, please note that disallowance for tax year 2001 is in error even on assumption of three-year statute."  Compl. ¶ 2 (citing the 2001 notice).  She explains in her summary judgment motion that the 2001 notice is dated May 6, 2002, and therefore that is the date of the offset for the purpose of calculating whether she filed her claim within three years.  Pl. Mot. at 5.

II.  The Motion to Dismiss

On December 3, 2007, the defendant filed a motion to dismiss for lack of subject matter jurisdiction, making three arguments.  The third argument was that, although the plaintiff had sued the IRS, the IRS is not a suable entity and therefore the United States of America should be substituted.  The plaintiff agreed to this change, and the Court amended the caption on January 2, 2008, to reflect the United States of America as the proper defendant.

The defendant makes two substantive arguments, each of which, it claims, deprives the Court of subject matter jurisdiction and therefore requires dismissal under Federal Rule of Civil Procedure 12(b)(1). First, the defendant argues that the plaintiff's claim is barred by 26 U.S.C. § 6402(f),[2] which provides:

> No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), or (e). No such reduction shall be subject to review by the Secretary in an administrative proceeding. No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax.

26 U.S.C. § 6402(f). The defendant argues that this provision bars all suits by injured spouses challenging the IRS's denial of their claims to refunds withheld by the government. Def. Mot. at 3.

Second, the defendant argues that the plaintiff failed to allege that she filed a timely claim for a refund with the IRS prior to filing suit. The statutes authorizing suit against the United States to recover a tax refund require the plaintiff to file a claim with the IRS within three years of filing the tax return at issue or within two years of paying the tax at issue,

---

[2] The defendant cites this statute as § 6402(e), but, following an amendment in 1998, the statute that the defendant quotes is now § 6402(f).

whichever is later.  The defendant argues that the Court lacks jurisdiction over any suit in which the plaintiff does not comply with this strict statutory scheme.  Def. Mot. at 4 (citing 26 U.S.C. §§ 6511(a), 7422(a); 28 U.S.C. § 1346(a)(1); <u>United States v. Dalm</u>, 494 U.S. 596, 601-02 (1990)).

The defendant correctly points out that the plaintiff attached only a blank copy of Form 8379 to her complaint.  As discussed above, however, she attached three completed, signed, and dated copies of the form to her motion for summary judgment.  The government did not respond to that motion.

In response to the defendant's motion to dismiss, the plaintiff argues that the IRS repeatedly gave her incorrect information about her claim, including encouraging her not to pursue her claim and telling her that the statute of limitations was six years, rather than three.  She states that she was told repeatedly that she could seek recourse by filing suit.  Pl. Mot. at 3, 5.  She also cites and attaches a case in which the United States Court of Appeals for the Ninth Circuit held that the court had jurisdiction to hear a claim similar to hers.  Pl. Mot. at 4; <u>id.</u>, Ex., Docket No. 14-2 at 33-34 (providing a copy of <u>Oatman v. Dep't of Treasury-Internal Revenue Service</u>, 34 F.3d 787 (9th Cir. 1994)).

III. Analysis

    A.    Standard of Review

In considering a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court must consider all relevant evidence, even that which is not part of the complaint.  If a defendant's motion to dismiss based on Rule 12(b)(1) does not challenge any of the complaint's factual assertions, then the Court accepts the allegations as true and rules on that basis.  That is a facial challenge.  If, on the other hand, the defendant challenges any of the plaintiff's allegations, the Court must permit the plaintiff to respond with evidence supporting jurisdiction.  The Court must then weigh the evidence to determine jurisdiction.  If there is a dispute of material fact, the Court must conduct a plenary trial on the disputed facts prior to ruling on jurisdiction.  Gould Elecs. Inc. v. United States, 220 F.3d 169, 176-77 (3d Cir. 2000).  The plaintiff bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the case.  Id. at 178.  The Court has "substantial procedural flexibility" in handling a motion based on Rule 12(b)(1), but the plaintiff must have an opportunity to present facts supporting jurisdiction by affidavit, deposition, or in a hearing.  Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990).

The defendant's motion is a factual challenge. The Court will therefore consider the documents that the plaintiff has attached to the complaint and to her motion for summary judgment.[3] Additionally, because the plaintiff is pro se, the Court construes her filings liberally. Therefore, where relevant, the Court considers those attachments that should have been pleaded in the complaint as if they had been so pleaded.

B.  Lack of Jurisdiction Under § 6402

The government argues that § 6402(f) bars this Court from considering this suit. The Court disagrees. Section 6402(f) strips jurisdiction for suits that challenge the IRS's determinations under § 6402(c), (d), or (e). Those sections authorize the IRS to apply federal tax refunds to past-due child support payments, debts to other federal agencies, and state income tax debts, respectively. 26 U.S.C. § 6402(c)-(e). The plaintiff, however, sues to recover refunds that were applied toward a federal tax debt. The statutory provision that authorizes the IRS to apply refunds to federal tax debt is § 6402(a). See, e.g., Estate of Bender v. Comm'r of Internal Revenue, 827 F.2d 884, 886-87 (3d Cir. 1987). Section 6402(a) is

---

[3] In any case, documents attached to the complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). The three IRS notices that the plaintiff attached to her complaint are therefore part of the complaint.

not included in § 6402(f)'s jurisdiction-stripping provision. That provision, therefore, does not appear to apply here.

Moreover, even if this suit were for a type of refund for which § 6402(f) stripped jurisdiction, the government is incorrect that the statute strips jurisdiction to hear an injured spouse claim.  The government cites two cases, without discussion, to support its argument.  Def. Mot. at 3 (citing Neal v. Internal Revenue Serv., 1993 U.S. Dist. LEXIS 16797 (D. Ariz. 1993); Oatman v. Sec'y of the Treasury of the U.S., 93-1 U.S.T.C. (CCH) 87,673, 87,674 (D. Id. 1993) [hereinafter Oatman I]).  Neal is unhelpful because it concerns a child support payment and denies the plaintiff's claim without discussion, citing only Oatman I.

The government's citation of Oatman I is even more problematic.  Oatman I, which also concerns a child support payment, was reported in the Federal Supplement at 814 F. Supp. 912 (D. Id. 1993) and was reversed by the United States Court of Appeals for the Ninth Circuit in a precedential opinion the following year.  Oatman v. Dep't of Treasury-Internal Revenue Serv., 34 F.3d 787 (9th Cir. 1994) [hereinafter Oatman II].

What is more, the government, upon winning its motion to dismiss in Oatman I, changed its position on appeal and argued to the United States Court of Appeals for the Ninth Circuit that the district court did not lack jurisdiction because § 6402(f)

(then § 6402(e)) deprives the courts of jurisdiction over suits by the spouse who was liable for the payment being withheld, but does not remove jurisdiction over suits by the injured spouse. Brief of Appellee at 9-11, Oatman II (No. 93-35404).

The IRS itself has relied on Oatman II in numerous advisories for the proposition that § 6402(f) does not bar suits by an injured spouse. See, e.g., I.R.S. Chief Counsel Advisory 200225002, 2002 WL 1354638 (June 21, 2002); I.R.S. Chief Counsel Advisory 200205046, 2002 WL 127480 (Feb. 1, 2002); 1999 I.R.S. Non Docketed Serv. Advice Review 11,019, 1999 WL 33911253 (Mar. 25, 1999). In short, the IRS's own long-held position directly contradicts that taken by the defendant in this case.

C.  Failure to Comply with the Statute of Limitations

The defendant also argues that the Court has no power to hear this case because the plaintiff did not allege that she filed a claim with the IRS within three years of filing the tax return at issue or within two years of paying the tax at issue, whichever is later. As the tax statute provides,

> [c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

(then § 6402(e)) deprives the courts of jurisdiction over suits by the spouse who was liable for the payment being withheld, but does not remove jurisdiction over suits by the injured spouse. Brief of Appellee at 9-11, Oatman II (No. 93-35404).

The IRS itself has relied on Oatman II in numerous advisories for the proposition that § 6402(f) does not bar suits by an injured spouse. See, e.g., I.R.S. Chief Counsel Advisory 200225002, 2002 WL 1354638 (June 21, 2002); I.R.S. Chief Counsel Advisory 200205046, 2002 WL 127480 (Feb. 1, 2002); 1999 I.R.S. Non Docketed Serv. Advice Review 11,019, 1999 WL 33911253 (Mar. 25, 1999). In short, the IRS's own long-held position directly contradicts that taken by the defendant in this case.

C.  Failure to Comply with the Statute of Limitations

The defendant also argues that the Court has no power to hear this case because the plaintiff did not allege that she filed a claim with the IRS within three years of filing the tax return at issue or within two years of paying the tax at issue, whichever is later. As the tax statute provides,

> [c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).

In response, the plaintiff states that the IRS misled her about when and whether she should file a claim.  This response raises what is essentially a claim for equitable tolling of the statute of limitations.  The Court may equitably toll the statute of limitations, excusing a plaintiff's failure to file timely, "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).

Equitable tolling is unavailable in the present case, however.  The Supreme Court has held that suits by taxpayers under § 6511 to recover tax refunds are not subject to equitable tolling because that statute's timing requirements are jurisdictional.  United States v. Brockamp, 519 U.S. 347 (1997). The Supreme Court states that the detailed, specific, and emphatic nature of the time limitations in the tax statute make clear that Congress did not intend to provide for equitable tolling in this context.  Id. at 350-53.  The tax statute's allowance of refund suits amounts to a waiver of the government's sovereign immunity, which must be construed strictly in favor of

the government.  <u>Becton Dickinson & Co. v. Wolckenhauer</u>, 215 F.3d 340, 345-46 (3d Cir. 2000).

The Court now turns to the merits of the argument that the plaintiff's claims are time-barred.  The plaintiff alleges that she filed her Forms 8379 with the IRS on April 23, 2005, and she attaches those forms.  A claim filed on that date would be timely if the tax return at issue were filed any time on or after April 23, 2002, or the tax were paid any time on or after April 23, 2003.

No party has provided the Court with the plaintiff's tax returns.  The plaintiff, however, provides the three IRS notices stating that the IRS was applying her refunds to her husband's back tax debt.  The 1999, 2000, and 2001 notices are dated September 4, 2000, June 18, 2001, and May 6, 2002, respectively.  These dates show that the IRS responded to the plaintiff's 1999 and 2000 tax returns[4] more than three years before the plaintiff alleges she filed her Forms 8379.  It follows that since she must have filed those tax returns before the IRS sent the notices, her claims for the 1999 and 2000 refunds are time-barred.

---

[4] If instead the plaintiff paid the tax but did not file any tax return, that fact would not change the Court's analysis here because the statute allows a plaintiff only two years from the time the tax is paid if a tax return is not filed.

The Court cannot tell on this record whether or not the plaintiff's claim for her 2001 refund is timely. The IRS's notice is dated May 6, 2002. If the plaintiff filed her Forms 8379 on April 23, 2005, then the plaintiff's claim would be timely if she filed her tax return on or after April 23, 2002. Although the claim would not be timely if the plaintiff filed her tax return on time on April 15, 2002, the Court cannot tell when she filed her return.

The Court will therefore hold a conference in court to discuss this issue. The parties are ordered to bring to the conference any evidence that they have pertaining to the issue of whether the plaintiff filed her claim for her 2001 tax refund within three years of filing her 2001 tax return. After hearing from the parties, the Court will decide how to resolve the remaining issues in the case.

An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHLEEN HALL-DITCHFIELD       :    CIVIL ACTION
                               :
          v.                   :
                               :
UNITED STATES OF AMERICA       :    NO. 07-1290
```

ORDER

AND NOW, this 10th day of June, 2008, upon consideration of the defendant's Motion to Dismiss (Docket No. 6) and the plaintiff's Motion for Summary Judgment (Docket No. 14), IT IS HEREBY ORDERED that, for the reasons stated in the accompanying memorandum:

       1.   The defendant's motion is GRANTED in part and DENIED without prejudice in part.

       2.   The plaintiff's motion is DENIED with prejudice in part and without prejudice in part.

       3.   The complaint is dismissed as to the plaintiff's claims for her 1999 and 2000 tax refunds.

       4.   The Court will hold a conference on July 24, 2008, at 1:30 p.m., in Courtroom 13-A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  The parties shall bring to the conference all evidence in their possession that

will allow the Court to determine whether the plaintiff's claim for her 2001 tax refund is timely.

                              BY THE COURT:


                              <u>/s/ Mary A. McLaughlin</u>
                              MARY A. McLAUGHLIN, J.