```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KATHLEEN HALL-DITCHFIELD       :    CIVIL ACTION
                               :
          v.                   :
                               :
INTERNAL REVENUE SERVICE       :    NO. 07-1290
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    March 2, 2009

      This case arises out of a tax dispute between the pro se plaintiff, Kathleen Hall-Ditchfield, and the Internal Revenue Service. In her complaint, filed May 1, 2007, the plaintiff brought claims against the government as an "injured spouse" to recover tax refunds that she alleges were wrongfully withheld for three tax years - 1999, 2000, and 2001. On June 10, 2008, the Court dismissed the claims related to the 1999 and 2000 tax years because the Court determined, on the record before it, that the plaintiff could not have filed the claims within the statutory period.[1] See Hall-Ditchfield v. United States, No. 07-1290, 2008 WL 2381533, at *5 (E.D. Pa. June 10, 2008). The plaintiff has now moved to amend her complaint "to assert that the Internal Revenue Service engaged in affirmative misconduct in [its] conversion of [her] refund, in full knowledge of the fact that [it] had no legitimate claim to the money." Pl.'s Mot. 1. The

---

[1] The Court refrained from ruling on the plaintiff's 2001 claim because there was insufficient information as to when the plaintiff had filed the relevant tax return. In resolving the present motion, the Court expresses no opinion on whether the plaintiff's 2001 claim is time-barred.

plaintiff has also requested additional discovery from the defendant.  The Court will grant the plaintiff's motion in part and deny it in part.

Generally, a party may amend its pleading after a responsive pleading is served only by leave of the Court and when justice so requires.  Fed. R. Civ. P. 15(a).  Although leave to amend should be freely given, the Court may deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.  In re Alpharma Inc. Sec. Litig., 372 F.3d 137, 153 (3d Cir. 2004).  Amendment is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted.  Id.  Thus, futility is governed by the same standard of legal sufficiency as a Rule 12(b)(6) motion to dismiss.  Id. at 153-54.

The plaintiff's reply clarifies that the purpose of her proposed amendment is to convince the Court to apply the doctrine of equitable tolling to the statute of limitations in this case.  The plaintiff's claim is that the IRS misled her as to when and whether she should file an injured spouse claim.  The Court already addressed this argument in its previous opinion on the defendant's motion to dismiss.  See Hall-Ditchfield, 2008 WL 2381533, at *5.  As the Court there stated, the Supreme Court's decision in United States v. Brockamp, 519 U.S. 347 (1997), makes clear that suits by taxpayers are not subject to equitable tolling because the timing requirements of 26 U.S.C. § 6511 are

jurisdictional, and because the detailed, specific, and emphatic nature of the time limitations in the statute make it clear that Congress did not intend to provide for equitable tolling in this context.  Hall-Ditchfield, 2008 WL 2381533, at *5 (citing Brockamp, 519 U.S. at 350-53).  Because the Court has already addressed the assertion the plaintiff wishes to add to her complaint, amendment of the complaint to add this assertion is futile.[2]

To the extent that the plaintiff's proposed amendment might be read as adding a tort claim for common-law conversion against the government, such an amendment is also futile.

---

[2] The plaintiff argues that "if ever there was a situation for challenging the application of equitable tolling in suits to recover tax refunds, this type of case is it."  Pl.'s Reply 1. According to the plaintiff, in this case, the IRS "created a situation in which no one could reasonably comply with the statutes in question."  Id.  To the contrary, however, federal courts have acknowledged that "[t]he authoritative sources of tax law . . . are statutes, regulations, and judicial decisions, and not instructions published by the Internal Revenue Service." Norman v. United States, No. 05-2059, 2006 WL 2038264, at *6 (N.D. Cal. July 19, 2006) (citing Crop Care Applicators, Inc. v. Commissioner, T.C. Summ. Op. 2001-21, 2001 WL 1922019 (Tax Ct. 2001)); see also Zimmerman v. Commissioner, 71 T.C. 367, 371 (Tax Ct. 1978) (stating that the "authoritative sources of Federal tax law are in the statutes, regulations, and judicial decisions and not . . . informal publications"); see also Adler v. Commissioner, 330 F.2d 91, 93 (9th Cir. 1964) ("[A]ny interpretation by taxpayers of the language used in government pamphlets [cannot] act as an estoppel against the government, nor change the meaning of taxing statutes. . . ."); Estate of Akin v. United States, 31 Fed. Cl. 89, 97 (1994) (deciding that the government cannot be equitably estopped by statements made by IRS employees, "even where the taxpayer may have relied on those statements to his detriment"), aff'd without opinion, 43 F.3d 1487 (Fed. Cir. 1994).

Section 2680(c) of the Federal Tort Claims Act specifically exempts from the provisions of the Federal Tort Claims Act "any claim arising in respect of the assessment or collection of any tax . . . ."  28 U.S.C. § 2680(c); see also Choi's Bros. v. Provident Nat'l Bank, No. 90-5936, 1990 WL 178221, at *2 (E.D. Pa. Nov. 14, 1990) (citing Interfirst Bank Dallas, N.A. v. United States, 769 F.2d 299, 306-308 (5th Cir. 1985)).  As the plaintiff's claim against the United States arises "in respect of" the assessment of a tax by the IRS, § 2680(c)'s exemption applies.  Cf. Choi's Bros., 1990 WL 178221, at *2.  Amendment of the complaint to add a conversion claim is therefore futile.

As for the plaintiff's argument that the Court retains jurisdiction over the matter under 28 U.S.C. § 1346(a)(1), this argument is incorrect.  Although § 1346(a)(1) provides that a district court shall have jurisdiction of "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected," the Supreme Court has clarified that before a taxpayer may bring such an action, she must comply with the tax refund scheme established in the tax code.  United States v. Clintwood Elkhorn Mining Co., 128 S. Ct. 1511, 1514 (2008) (citing United States v. Dalm, 494 U.S. 596, 609-10 (1990)).  That scheme requires a claim to be filed with the IRS before suit can be brought, and establishes strict timeframes for filing such a claim - those set forth in 26 U.S.C. § 6511.  Id.

at 1515. With respect to the plaintiff's 1999 and 2000 claims, the Court has already determined that the plaintiff did not comply with the filing deadlines established by § 6511. Section 1346(a)(1) therefore does not save the plaintiff's claims.[3]

With respect to the plaintiff's discovery requests, to the extent that the defendant has any additional information regarding the plaintiff's 2001 claim on file, it shall provide such information to the plaintiff. As for the plaintiff's other outstanding discovery requests, these requests do not relate to the issues remaining in this case, but rather, relate either to issues the Court has already dealt with in its prior memorandum and order, or to the claims that the plaintiff wishes to add to her complaint. Those requests are therefore denied as moot. Finally, to the extent that either party may need any other discovery relating to the plaintiff's 2001 claim, that party shall inform the Court to that effect within twenty days of the date of this Memorandum and Order.

An appropriate Order follows.

---

[3] Although the Court has not yet ruled on the timeliness of the plaintiff's 2001 claim, the Court must determine whether the plaintiff has complied with the time limits set forth in § 6511 in determining whether it has jurisdiction under § 1346.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
KATHLEEN HALL-DITCHFIELD      :    CIVIL ACTION
                              :
          v.                  :
                              :
INTERNAL REVENUE SERVICE      :    NO. 07-1290
```

ORDER

AND NOW, this 2nd day of March, 2009, upon consideration of the plaintiff's Motion for Leave to Amend the Complaint and Request for Additional Discovery, the defendant's opposition, and the plaintiff's reply thereto, and for the reasons stated in the accompanying memorandum of law, IT IS HEREBY ORDERED that the plaintiff's motion is GRANTED in part and DENIED in part, as follows:

1. The plaintiff's motion for leave to amend her complaint is denied.

2. To the extent that the defendant has on file any additional information regarding the timeliness of the plaintiff's 2001 claim, it shall provide such information to the plaintiff. The plaintiff's other discovery requests are denied as moot.

3. The parties shall have twenty days from the date of this Memorandum and Order to inform the Court whether they require any additional discovery relating to the plaintiff's 2001 claim.

IT IS FURTHER ORDERED that the Clerk shall docket the plaintiff's letter dated November 10, 2008, as Plaintiff's Motion for Leave to Amend the Complaint and Request for Additional Discovery, and shall docket the plaintiff's letter dated December 5, 2008, as Plaintiff's Reply in Support of Motion for Leave to Amend and Request for Additional Discovery.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.