```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHLEEN HALL-DITCHFIELD       :     CIVIL ACTION
                               :
            v.                 :
                               :
INTERNAL REVENUE SERVICE       :     NO. 07-1290
```

MEMORANDUM

McLaughlin, J.                                        June 9, 2009

This case arises out of a tax dispute between the pro se plaintiff, Kathleen Hall-Ditchfield, and the Internal Revenue Service ("IRS"). In her complaint, filed May 1, 2007, the plaintiff brought claims against the government as an "injured spouse" to recover tax refunds that she believes were wrongfully withheld for three tax years - 1999, 2000, and 2001. On June 10, 2008, the Court dismissed the claims related to the 1999 and 2000 tax years for lack of jurisdiction because the Court determined, on the record before it, that the plaintiff could not have filed those claims within the statutory period. See Hall-Ditchfield v. United States, No. 07-1290, 2008 WL 2381533, at *5 (E.D. Pa. June 10, 2008). The Court refrained from ruling on the plaintiff's 2001 refund claim, however, because there was insufficient information as to when the plaintiff had filed the relevant tax return. Id. The parties have since engaged in discovery related to the plaintiff's 2001 claim, and both parties have filed motions for summary judgment.

In her motion, the plaintiff argues that she is entitled to summary judgment because the IRS used the wrong date to calculate the timeliness of her 2001 claim.  Her claim, she contends, is therefore timely, and the Court should reverse the IRS's disallowance of her claim.  On the other hand, the defendant argues that, using any date mentioned by the plaintiff as the applicable filing deadline, her claim is untimely.

The plaintiff bears the burden of demonstrating the timeliness of her filing - a necessary element of the Court's subject matter jurisdiction.  The Court finds that the defendant has properly supported its motion for summary judgment with evidence of untimeliness.  Because the plaintiff has not introduced contrary evidence sufficient to show that a genuine issue of material fact remains for trial, the Court will grant the defendant's motion and will deny the plaintiff's motion.

Under Rule 56 of the Federal Rules of Civil Procedure, a party moving for summary judgment must show that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once a properly supported motion for summary judgment is made, the burden then shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 250 (1986).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  Id. at 247-48.  A plaintiff's allegations and denials, unsupported by facts of record, do not create an issue of material fact sufficient to defeat summary judgment.  See Fed. R. Civ. P. 56(e); Liberty Lobby, 477 U.S. at 248-49.

Under 28 U.S.C. § 1346, this Court has original jurisdiction over civil actions against the United States for the recovery of allegedly erroneous or illegal tax assessments or collections.  This jurisdiction is limited, however, to cases involving "duly filed" claims for a refund or credit.  26 U.S.C. § 7422(a).  A claim is "duly filed" when it is timely.  United States v. Dalm, 494 U.S. 596, 602 (1990); Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. I.R.S., 523 F.3d 140, 146 (3d Cir. 2008).  The timely filing of a refund claim is thus a prerequisite to federal jurisdiction.  Id.

The plaintiff has the burden of establishing the existence of federal court jurisdiction.  See Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).  Accordingly, unless she can prove the timely filing of her refund claim, this Court lacks subject matter jurisdiction over her claim.

26 U.S.C. § 6511 governs whether a refund request is timely.  Phila Marine Trade Ass'n, 523 F.3d at 146.  Under that section, a claim for a tax refund must be filed with the IRS

within three years of filing the tax return at issue or within two years of paying the tax at issue, whichever is later.  26 U.S.C. § 6511(a).[1]

Here, the relevant tax - the offset - was assessed on April 15, 2002, the same date that the plaintiff's 2001 tax return was filed.  See Def.'s Mot. Exs. 1-3.  Under § 6511, the plaintiff had the later of either two years from the date of the offset - April 15, 2004 - or three years from the date of the filing of the relevant return - April 15, 2005 - to file her refund claim.  She did not do so.

A statutory filing requirement generally can be satisfied only by actual, physical delivery to the government.  Phila. Marine Trade Ass'n, 523 F.3d at 147 (citing United States

---

[1] The plaintiff has argued that she was misled about the proper date for filing her claim.  This argument is relevant only insofar as it might support a claim for equitable tolling.  The Court has already explained that equitable tolling is unavailable in suits by taxpayers under § 6511 because that statute's timing requirements are jurisdictional.  See Hall-Ditchfield, 2008 WL 2381533, at *5 (citing United States v. Brockamp, 519 U.S. 347, 350-53 (1997)).  The Court has also explained that even if equitable tolling were available in tax refund cases, the Court would not find that it is available in this case.  Although the plaintiff complains that she received conflicting information from the IRS about the proper filing date for her claim, federal courts have acknowledged that "[t]he authoritative sources of tax law . . . are statutes, regulations, and judicial decisions, and not instructions published by the Internal Revenue Service."  See Norman v. United States, No. 05-2059, 2006 WL 2038264, at *6 (N.D. Cal. July 19, 2006) (citing Crop Care Applicators, Inc. v. Comm'r, T.C. Summ. Op. 2001-21, 2001 WL 1922019 (Tax Ct. 2001)); Zimmerman v. Comm'r, 71 T.C. 367, 371 (Tax Ct. 1978); see also Adler v. Comm'r, 330 F.2d 91, 93 (9th Cir. 1964); Estate of Akin v. United States, 31 Fed. Cl. 89, 97 (1994), aff'd without opinion, 43 F.3d 1487 (Fed. Cir. 1994).

v. Lombardo, 241 U.S. 73, 76 (1916); Heard v. Comm'r of Internal Revenue, 269 F.2d 911, 913 (3d Cir. 1959)).  In the Third Circuit, a plaintiff can satisfy her burden of proving timely delivery either with direct evidence of receipt, or through use of the common-law mailbox rule.  Id. at 146-47.  That rule provides a way for taxpayers to prove receipt indirectly by proof of mailing.  Id. at 147.  Under the mailbox rule, if a document is properly mailed, the Court will presume that the United States Postal Service delivered the document to the addressee in the usual time.  Id.  The government may then rebut this presumption with evidence of untimely receipt.  Id.

Under 26 U.S.C. § 7502, a taxpayer is relieved from the timely physical delivery requirement where she postmarks the document before the filing deadline but the government receives the document after the deadline.  In such a situation, the postmark is treated as the delivery date.  26 U.S.C. § 7502(a)(1).  In addition, under § 7502(c), registration of one's mail with the Postal Service establishes a prima facie case of delivery, and the registration date becomes the postmark, which, under § 7502(a), is also treated as the delivery date.

The United States Court of Appeals for the Third Circuit has held that where a taxpayer does not rely on § 7502's protection and produces evidence beyond her own testimony that she mailed the tax document early enough to allow timely receipt by the IRS in the regular course of United States Post Office

5

business, she may avail herself of the mailbox rule.  <u>Phila.
Marine Trade Ass'n</u>, 523 F.3d at 147.

Here, the plaintiff is not eligible for any of § 7502's exemptions from the physical delivery rule.  It is not the case that her filing was postmarked before the filing deadline, but received after the filing deadline.  Nor has she presented evidence that the document was mailed by certified or registered mail.  Thus, if the plaintiff has not provided direct evidence of receipt of her 2001 claim on or before April 15, 2005, the only question that remains is whether the plaintiff has produced evidence beyond her own testimony that she mailed the tax document early enough to allow timely receipt by the IRS in the regular course of United States Post Office business.

The plaintiff has not presented direct evidence of receipt by the IRS on or before April 15, 2005.[2]  The defendant, on the other hand, has produced a copy of the Form 8379 on which the plaintiff submitted her injured spouse claim to the IRS, as well as the envelope in which, they state, it arrived.  The envelope bears a postmark date of May 25, 2005.  The injured spouse claim form bears a date stamp of May 27, 2005, which is when, according to the defendant, the plaintiff's form was received by the IRS.  <u>See</u> Def.'s Mot. for Summ. J. Ex. 7.

---

[2] The plaintiff herself does not state that she filed her 2001 claim on or before that date.  Indeed, the Form 8379 provided to the Court bears a signature dated April 23, 2005.

6

Counsel for the government has submitted a sworn affidavit stating that these are true and correct copies of the plaintiff's injured spouse claim form and the envelope in which it arrived. <u>See</u> Decl. of Pat S. Genis ¶¶ 3, 7, attached to Def.'s Status Report, Sept. 19, 2008 (Docket No. 26).

The plaintiff has presented two arguments to the Court in response to the injured spouse claim form and envelope presented by the defendant. First, she argues that the signature on the form produced by the government is dated April 23, 2005, and that she has "no reason to think that [she] would have delayed for a month between filling out the injured spouse claim forms and mailing them." <u>See</u> Letter from Kathleen E. Hall-Ditchfield to Hon. Mary A. McLaughlin 2, Sept. 29, 2008. Second, she argues that the defendant's claim of untimeliness "is simply a guess, since the plaintiff's post office branch can state only that they did not postmark the envelope on receipt, but sent it elsewhere to a regional processing center." Pl.'s Mot. for Summ. J. 1. In her reply to the defendants' opposition to her motion, she offers as support for this second argument a statement from an individual at the Post Office in West Grove, Pennsylvania, that

> Mail that is deposited at a particular post office does not always receive the postmark of the post office it was deposited [sic]. Due to the abundance of mail collected at local stations the personell [sic] does not have the time to personally postmark every

7

>           piece of mail.  All mail that is not
>           postmarked locally will be postmarked by a
>           cancellation machine at the plant the day of
>           arrival to the plant.

<u>See</u> Ex. attached to Pl.'s Reply.

Neither of the plaintiff's arguments persuades the Court that there is a genuine issue of material fact for trial. Even if the signature line on the plaintiff's injured spouse claim form contains the date, April 23, 2005, a mailing on that date would not be within three years of the filing of the relevant tax return.  In addition, the plaintiff has not raised a genuine issue of material fact with respect to the date of the postmark on the envelope in which that form was sent, the date when the IRS received her form,[3] or even whether the envelope presented by the defendant is indeed the envelope in which her 2001 claim arrived.  The only evidence presented by the plaintiff to show when her form was mailed is a statement from an individual at the plaintiff's post office branch that her form may not have been postmarked at some unspecified time.

The plaintiff further claims that she gave the envelopes containing her injured spouse forms to "a West Grove Post Office employee at the counter," but that the envelope the government alleges contained her 2001 injured spouse claim does

---

[3] The plaintiff has not claimed, for example, that the date stamp on her Form 8379 was placed there fraudulently.  Nor has she presented or purported to have evidence to that effect.

not bear a West Grove postmark.  As a result, she argues, the government is unable to prove that the plaintiff did not mail her 2001 injured spouse claim on April 23, 2005, the date of the claim.

Although this evidence might undercut a finding that the plaintiff's Form 8379 was mailed in late May 2005, it does not, however, create a genuine issue of material fact sufficient to defeat the defendant's motion for summary judgment, in that the plaintiff has not set forth specific facts showing that there is a genuine issue of material fact for trial.[4]  The only real evidence that has been presented to the Court to show when the plaintiff mailed and when the IRS received her 2001 claim are the Form 8379 and envelope submitted to the Court by the defendant. There is no evidence that the Court has seen to contradict or otherwise call into question the authenticity of these documents.[5]

---

[4] Nor does this evidence support the plaintiff's motion for summary judgment.  That is, the plaintiff has not set forth specific facts showing an absence of an issue of material fact as to whether she filed her claim on or before April 15, 2005.

[5] Thus, even if equitable tolling were appropriate in this case, it would not save the plaintiff's 2001 claim.  The conflicting filing dates that the plaintiff found in IRS communications and publications were (1) three years from the date of the offset and (2) three years from the date of notification of the offset.  The plaintiff received notice of the offset by letter dated May 6, 2002.  Thus, even if a later filing date of May 6, 2005, applied to the plaintiff's 2001 injured spouse claim, she has not demonstrated a genuine issue of material fact as to whether her 2001 claim was submitted on or before that date.

The plaintiff bears the burden of demonstrating the jurisdiction of this Court.  On the evidence presented, the Court concludes that she has not done so.  Rather, the evidence suggesting that her refund requests were timely mailed fails to go beyond the plaintiff's own testimony.  For the reasons herein stated, the Court concludes that no genuine issues of material fact remain regarding the timeliness of the filing of the plaintiff's 2001 claim.  The defendant's motion for summary judgment is therefore granted, and the plaintiff's motion for summary judgment is denied.

An appropriate order shall issue separately.